**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDWARD BAILEY, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:17-cv-204 |
| vs. | ) |
| CONSUMER ADJUSTMENT COMPANY, INC.D/B/A CACi, | ) |
| Serve at: | ) **JURY TRIAL DEMANDED** |
|    Registered Agent Dennis Barton | ) |
|    17600 Chesterfield Airport Rd., | ) |
|    Suite 201 | ) |
|    Chesterfield, MO 63005 | ) |
| And | ) |
| DOES 1-4 | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Edward Bailey ("Plaintiff"), through counsel, brings this Complaint against Defendant Consumer Adjustment Company, Inc d/b/a CACi. and DOES 1-4 (collectively "Defendants") to secure redress against Defendants for unlawful collection practices that violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and states for his Complaint:

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claims

pursuant to 28 U.S.C. § 1367.

2. Venue is proper in this District because: a) Defendant's acts and transactions aimed at Plaintiff occurred here; and b) Defendant transacts business in this District.

## PARTIES

3. Plaintiff, Edward Bailey, is a natural person residing within Saint Louis, Missouri from whom Defendant attempted to collect an alleged debt. He is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. §§ 1692a(3), 1692d, and 1692k.

4. Defendant Consumer Adjustment Company, Inc d/b/a CACi is a Missouri corporation with its principal offices at 12866 Tesson Ferry Road, Suite 200, St. Louis, MO 63128. It does business as a debt collector in Missouri, among other places. Defendant is registered with the Missouri Secretary of State and has its tradename "CACi" registered as a fictitious name with that office as well. See record from Missouri Secretary of State, attached as **Exhibit A**.

5. DOES 1-4 are principals, agents, owners, and/or entities related to or affiliated with Defendant whose identities are currently unknown.

6. The debt Plaintiff allegedly owes arises out of consumer, family, and household transactions. Specifically, the alleged debt originated from merchandise purchased from Laclede Gas Company.

7. Defendant acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.

8. The principal business purpose of Defendant is the collect of debts in Missouri and elsewhere in the United States, and Defendant regularly attempts to collect debt alleged to be due another.

## FACTUAL ALLEGATIONS

9. On or about January 14, 2016, Defendant sent Plaintiff the letter attached as **Exhibit B**.

10. On information and belief, Defendant's January 14, 2016 letter was delivered to Plaintiff via mail a matter of days after January 14, 2016

11. Defendant's letter stated that Defendant was attempting to collect a debt to "LACLEDE GAS COMPANY (PRIMARY)" of $1,123.14.

12. Plaintiff, as a wage earner, and with a number of financial obligations, could not afford to pay the alleged debt, even if it was valid.

13. Defendant's January 14, 2016 letter invited Plaintiff to call Defendant to discuss the alleged debt.

14. In its January 14, 2016 letter Defendant stated, as required by 15 U.S.C. § 1692g, that Plaintiff had thirty (30) days from the day he received the letter to dispute the debt and obtain validation and verification thereof.

15. Shortly after receiving Defendant's January 14, 2016 letter, Plaintiff called Defendant to gather information about the debt and Defendant's collection activity.

16. Plaintiff's call occurred within Plaintiff's statutory dispute period pursuant to Sec. 1692g of the FDCPA, as noted in Defendant's January 14th letter.

17. During the call, Defendant demanded payment before the end of the 30-day "validation period" permitted to consumers like Plaintiff by Section 1692g of the FDCPA.

18. Specifically, Defendant told Plaintiff that "a payment is due now." In attempting to clarify, Defendant led Plaintiff to believe that Plaintiff needed to make a payment "today" even though Plaintiff's validation period had not yet lapsed, and thus, Plaintiff's statutory right under Section 1692g of the FDCPA to dispute the debt or request validation of the debt had not yet expired.

19. Defendant's payment demand overshadowed Plaintiff's dispute, validation, and verification rights pursuant to Section 1692g of the FDCPA.

20. Through its conduct, Defendant caused Plaintiff to believe that he could not exercise those rights or that such an exercise would not be honored and that he had to pay the debt within his Section 1692g "validation period" for, among other things, disputing the debt or a portion thereof.

21. Plaintiff never entered any agreement consenting to arbitrate disputes between himself and Defendant or waiving his right to a trial by jury.

22. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

23. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding his situation.

24. Defendant's conduct has caused Plaintiff to suffer damages including and as a direct consequence of the Defendant's acts, business practices, and conduct, Plaintiff also has suffered shame, humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

25. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

26. Specifically, Section 1692g dictates that "[a]ny collection activities and communication during the 30-day period [i.e., the "validation period"] may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b). During 2006, Congress amended 15 U.S.C. § 1692g to expressly prohibit overshadowing "collection activities," such as statements by debt collectors to consumer via telephone during the validation period.

27. Here, Plaintiff suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

28. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, e.g., Duffy v. Landberg*, 215 F.3d 871, 874 (8th Cir. 2000) (citing *Gammon v. GC Services, Ltd. Partnership,* 27 F.3d 1254, 1257 (7th Cir. 1994)).

### COUNT I: VIOLATION OF THE FDCPA

29. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

30. In its attempts to collect the alleged debt from Plaintiff, Defendant violated the FDCPA, 15 U.S.C. § 1692 *et. seq*, including but not limited to the following:

   a. Overshadowing Plaintiff dispute, validation, and verification rights by 15 U.S.C. § 1692g; and

   b. Using oppressive, deceptive, and unfair collection conduct in the collection of a debt, 15 U.S.C. § 1692d-f.

31. Each of Defendant's violations of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees. *See* 15 U.S.C. § 1692k.

**WHEREFORE**, Plaintiff respectfully requests a judgment be entered by this Court in favor of Plaintiff, and against Defendant, finding that Defendant violated the FDCPA and awarding Plaintiff relief, including:

a. statutory damages of $1,000;

b. actual damages;

c. prejudgment and/or post-judgment interest as permitted by law;

d. costs and reasonable attorneys' fees; and

e. Such other or further relief in Plaintiff's favor as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all Counts so triable.

DATED:  January 12, 2017                     Respectfully Submitted,

By:    /s/ Nathan D. Sturycz
       Nathan D. Sturycz, #61744MO
       100 N. Main, Suite 11
       Edwardsville, IL  62025
       Phone: 877-314-3223
       Fax: 888-632-6937
       nathan@mainstreet-law.com
       *Attorney for Plaintiff*